1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT AYRES DaSILVA,

        Petitioner,

    v.

STATE OF WASHINGTON AND PIERCE
COUNTY,

        Respondent.

Case No. C07-5491BHS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**OCTOBER 26, 2007**

      This petition for a "writ of relief" has been referred to the undersigned Magistrate Judge

pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Petitioner invites the court to decide

what type of petition he is filing (Dkt. #1, proposed petition, page 1).  The majority of petitioner's

briefing refers to the matter as a writ of Coram Nobis (Dkt. # 1, proposed memorandum in support

page 2 of 4); <u>See</u> <u>also</u>, (Dkt. # 1 proposed brief in support).  This petition cannot be maintained

either as a writ of Coram Nobis or as a Habeas Corpus petition under 28 U.S.C. § 2254.  The

REPORT AND RECOMMENDATION- 1

1  petition should be dismissed.

2  From petitioner's briefing the court has been able to determine the following facts. On

3  January 8,  1998, petitioner pled guilty in Pierce County Superior Court (Dkt. # 1, proposed

4  petition page 1).  Petitioner alleges he pled guilty to second degree assault.  The only official

5  document that names the crime is a bench warrant which states petitioner pled guilty to second

6  degree assault with sexual motivation (Dkt. # 1, proposed brief in support page 13 of 25).

7  Petitioner alleges he was sentenced to eight months imprisonment and one year of

8  community supervision (Dkt. # 1, proposed petition, page 2).  By petitioners own admission he

9  served the eight months imprisonment, but, after serving nine months of the one year on community

10  supervision he left the state in contravention of the terms of his supervision  (Dkt. # 1, brief in

11  support, page 16 of 25). A bench warrant for his arrest was issued.

12  Petitioner is currently incarcerated in the Montana State Prison on a charge or conviction

13  unrelated to his Pierce County Plea.  This court has no way of knowing to what extent the 1998

14  Pierce County conviction may have affected the Montana Sentence.

15  <u>DISCUSSION</u>

16  A.  <u>Habeas Corpus</u>.

17  Mr. DaSilva cannot proceed with this matter as a habeas corpus petition under 28 U.S.C.

18  2254 for a number of reasons. The first reason would be that the matter is time barred.  A one year

19  statute of limitations was imposed under the1996 amendments to 28 U.S.C. § 2244(d), which were

20  signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act

21  (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

22  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus
23  by a person in custody pursuant to the judgment of a State court.  The limitation
period shall run from the latest of-

24  (A)  the date on which the judgment became final by conclusion of direct review
25  or the expiration of the time for seeking such review;

26  (B)  the date on which the impediment to filing an application created by State
action in violation of the constitution or laws of the United States is
27  removed, if the applicant was prevented from filing by such State action;

28  REPORT AND RECOMMENDATION- 2

(C)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. DaSilva's conviction became final on January 8, 1998, as he did not appeal the conviction or sentence.  He had until January 8, 1999, to file a habeas corpus petition and he did not do so.

The issues raised by Mr. DaSilva are also unexhausted and procedurally barred.  Mr. Da Silva explains the steps he has taken to try to bring the matter before the state court or otherwise obtain relief (Dkt. # 1, brief, page 1 to 25).  Mr. DaSilva was time barred from collateral attack on his conviction or sentence pursuant to RCW 10.73.140 by the time he sought relief from the state court in March of 2007, nine years after his conviction became final (Dkt. # 1, proposed brief, page 1).  Further, Mr. DaSilva presented his issues to the Superior Court and has not satisfied the exhaustion requirement.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights.  Duncan v. Henry, 513 U.S.364 (1995).  It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made.  Id, citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). The claims in this writ are unexhausted.

The final reason Mr. DaSilva may not file this petition as a Habeas Corpus petition if because the issues have been procedurally defaulted.  Normally, a federal court faced with an unexhausted petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court.  Now, however, petitioner is barred from filing a petition in state court as any attempt to file another petition will be deemed time barred. See, RCW

REPORT AND RECOMMENDATION- 3

10.73.140.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice." or petitioner demonstrates cause and prejudice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner left the state prior to the expiration of his sentence and now that he is in custody in another state he seeks to challenge the first conviction.  Thus, petitioner cannot show cause that excuses his procedural default in state court.  Accordingly, this petition is procedurally defaulted and should not be considered. For these reasons Mr. Da Silva cannot maintain a writ of habeas corpus.

B.    Coram Nobis.

Mr. DaSilva cannot file a Writ of Coram Nobis.  The sentence or conviction a person wishes to challenge must be completely served prior to a Writ of Coram Nobis being considered. As Mr. DaSilva himself notes:

> 'The writ of CORAM NOBIS affords a remedy to attack a conviction **when petitioner has served his sentence and is no longer in custody**, Specifically the writ provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on error of fact and egregious legal error. Estate of McKinney v. U.S. 71 F.3d 779 (9th Cir. 1995).

(Dkt. # 1, proposed brief in support, page 9 (emphasis added)).  Mr. DaSilva served only 9 months of his 12 months of community custody and then left the state.  He did not serve his entire sentence.

This petition should be dismissed.  Attempts to file a Habeas Corpus would be **DISMISSED WITH PREJUDICE**.  The Coram Nobis petition is premature and would be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION- 4

1  appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

2  72(b), the clerk is directed to set the matter for consideration on **October 26, 2007**, as noted in the

3  caption.

4

5          Dated this 24 day of September, 2007.

6

7                                          <u>/S/ *J. Kelley Arnold*</u>
                                           J. Kelley Arnold
8                                          United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  REPORT AND RECOMMENDATION- 5